UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSHUA R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02300-TAB-JRS |
| | ) | |
| FRANK BISIGNANO Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S BRIEF**

**I.     Introduction**

Plaintiff Joshua R. appeals the Social Security Administration's denial of his application for disability benefits.  [Filing No. 12.]  The Administrative Law Judge found that Plaintiff had severe impairments but could perform work with restrictions.  [Filing No. 10-2, at ECF p. 8-20.] Plaintiff argues that the ALJ improperly disregarded his subjective symptoms and the opinion of the agency psychological examiner and failed to account for all work-related limitations.  The Commissioner opposes those arguments.  [Filing No. 16.]  However, the record shows that the ALJ failed to build a logical bridge when discounting the agency examiner's opinion and should have recontacted that examiner for further clarification of her opinion.  Therefore, Plaintiff's request for remand [Filing No. 12] is granted.

**II.     Background**

On April 13, 2022, Plaintiff applied for Social Security benefits alleging that he has been disabled since January 1, 2022.  The SSA denied Plaintiff's claims initially and upon reconsideration.  Following a hearing, the ALJ determined that Plaintiff was not disabled under the SSA's five-step method.

1

At step one, the ALJ concluded that, since his application date, Plaintiff had not engaged in substantial gainful activity.  [Filing No. 10-2, at ECF p. 13.]  At step two, the ALJ concluded that Plaintiff suffered from the following severe impairments: schizophrenia, anxiety, and a history of substance abuse.  [Filing No. 10-2, at ECF p. 13.]  At step three, the ALJ concluded that Plaintiff's impairments did not meet or medically equal a listed impairment in 20 C.F.R. 404, Subpart P, App'x. 1.  [Filing No. 10-2, at ECF p. 14-15.]  Before step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to work.  The ALJ concluded that Plaintiff could perform a full range of work at all exertional levels with the following limitations:

> The claimant can understand, remember, and carry out simple instructions; can sustain attention for 8 hours on simple tasks; should not work with a production rate pace, such as assembly line work or hourly production quotas; can tolerate only occasional interactions with supervisors and coworkers; and should not have any interaction with the general public.

[Filing No. 10-2, at ECF p. 15.]

At step four, the ALJ concluded that Plaintiff had no past relevant work.  [Filing No. 10-2, at ECF p. 19.]  At step five, the ALJ concluded that, given Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform, including a general kitchen helper, hand packer, and prep cook.  [Filing No. 10-2, at ECF p. 19-20.]  Ultimately, the ALJ concluded that Plaintiff was not disabled.

## III.    Discussion

The Court reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence.  *See, e.g.*, *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  However, "[t]he court is not to reweigh evidence, resolve

conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citation, quotation marks, and brackets omitted).  Rather, "it is the role of the Court to ensure that the ALJ builds a logical bridge between the evidence and her conclusions, and that the ALJ meaningfully confronts and explains departure from evidence in the record that would support additional limitations." *Sabrina P. v. Kijakazi*, No. 1:20-cv-02814-TAB-TWP, 2021 WL 6061749, at *3 (S.D. Ind. Nov. 24, 2021).

### A.  The opinion of the consulting psychological examiner

Plaintiff argues that the ALJ erred in assessing the opinion of Melissa Sprinkle, Ph.D., the agency psychologist who examined Plaintiff.  [Filing No. 12, at ECF p. 7-15.]  Among other grounds, Plaintiff argues that the ALJ improperly discounted Dr. Sprinkle's opinion due to purported vagueness without seeking clarification of the opinion from Dr. Sprinkle as required by 20 C.F.R. § 416.919p.  The Commissioner argues that the ALJ adequately supported her assessment of Dr. Sprinkle's opinion and was not required to recontact Dr. Sprinkle because the record as a whole was sufficient to determine disability.  [Filing No. 16, at ECF p. 3-9.]  For the reasons discussed below, the ALJ should have had Dr. Sprinkle clarify her opinion and erred by discounting the opinion without adequate support.  Therefore, remand is warranted.

An ALJ's weighing of medical opinions must be supported by substantial evidence. *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022).  Federal regulations outline several factors that an ALJ may consider when weighing medical opinions—the most important of which are supportability and consistency.  20 C.F.R. § 404.1520c(a)-(c).  Additionally, "rejecting or discounting the opinion of the agency's own examining physician [. . .] can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step."

*Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014) (citing *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir.2003)).

Furthermore, 20 C.F.R. § 416.919p controls the issue of whether an ALJ must recontact a consulting examiner because the examiner's report is vague. *La'Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at *5 (S.D. Ind. May 15, 2025); *see also Cieszynski v. Kijakazi*, No. 22-2024, 2023 WL 2523499, at *5 (7th Cir. Mar. 15, 2023) (finding that an ALJ had a "regulatory duty" to recontact a consulting examiner if the ALJ was concerned that the examiner's report did not provide specific limitations or adequately explain his conclusions). Section 416.919p pertains to the SSA's handling of expert reports and states, "If the report is inadequate or incomplete, [the SSA] will contact the medical source who performed the consultative examination, give an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report."  "This provision is mandatory: the Seventh Circuit has explained that under 20 C.F.R. § 416.919p, if an ALJ considers the consultative examiner's report to be 'vague,' or otherwise 'deficient,' the ALJ should seek 'additional clarification before discounting it outright.'" *La'Toya R.*, 2025 WL 1413807, at *5 (quoting *Paul v. Berryhill*, 760 F. App'x 460, 463-64 (7th Cir. 2019)).

In *La'Toya R.*, an ALJ discounted an examiner's opinion due to vagueness.  This Court equated the ALJ's vagueness assessment to a finding that the examiner's report was "inadequate" or "incomplete" within the meaning of § 416.919p and concluded that the ALJ erred by not recontacting the examiner for clarification.  *Id.*  The Court found that this error was not harmless because "a proper consultative report could have altered how the ALJ considered other evidence," such as daily activities and subjective symptoms, leading to further limitations that could have precluded work.  *Id.*  Therefore, the Court remanded the decision.

*La'Toya R.* is not alone in this outcome.  Other cases from this district have remanded where, instead of recontacting a consultative examiner for clarification, an ALJ discounted the examiner's opinion for being deficient.  *See, e.g., Jennifer S. v. Bisignano*, No. 1:24-cv-13045, 2026 WL 879702, at *4-5 (E.D. Ill. Mar. 30, 2026) (remanding where, in lieu of seeking clarification, the ALJ discounted an examiner's opinion because the examiner used vocationally irrelevant terms); *Delta M. v. Bisignano*, No. 3:25-cv-225-SJF, 2026 WL 532361, at *7-8 (N.D. Ind. Feb. 25, 2026) (remanding where, in lieu of seeking clarification, an ALJ discounted an examiner's opinion because the examiner's conclusions were "too vague to assist in formulating a [RFC]"); *Mark R. v. Bisignano*, No. 1:25-cv-00572-TAB-SEB, 2026 WL 262130, at *3-4 (S.D. Ind. Feb 2, 2026) (remanding because § 404.1519p(b) required the ALJ "to seek clarification from [the examiner] if she believed the report was deficient for vagueness").

In support of the ALJ's decision, the Commissioner argues that the duty to recontact a consultative examiner applies only when the record as a whole is insufficient to reach a decision. [Filing No. 16, at ECF p. 5 (citing *Jonathan C. v. O'Malley*, No. 4:22-cv-00150-KMB-TWP, 2024 WL 958020 (S.D. Ind. Mar. 6, 2024); *Brenda S. v. Kijakazi*, No. 1:20-cv-01806-TAB-JRS, 2021 WL 3749048 (S.D. Ind. Aug. 25, 2021)).]  However, the cases on which Plaintiff relies— *Jonathan C.* and *Brenda S.*—do not address 20 C.F.R. § 416.919p.  Rather, they pertain to 20 C.F.R. §§ 404.1520b and 416.920b—regulations materially identical to one another that generally discuss the SSA's handling of evidence in disability claims and, unlike § 416.919p, are not specific to expert reports.[1]  These more general regulations state that if the record is

---

[1] 20 C.F.R. § 404.1520b and 20 C.F.R. § 416.920b contain nearly identical language.  Section 404.1520b pertains to Title II disability benefits, and Section 416.920b pertains to Title XVI disability income.  Similarly, 20 C.F.R. § 404.1519p and 20 C.F.R. § 416.919p are identical provisions pertaining respectively to Title II and Title XVI benefits.  Here, Plaintiff seeks Title XVI benefits, so the relevant provisions are §§ 416.920b and 416.919p.

insufficient to determine whether a claimant is disabled, then the SSA "may" recontact medical sources or request additional evidence or consultation.  20 C.F.R. §§ 404.1520b(b)(2)(i), 416.920b(b)(2)(i).  Sections 404.1520b and 416.920b "differ in scope" from the expert report regulation cited by Plaintiff, § 416.919p, which requires an ALJ to recontact an examiner whenever the examiner's report—as opposed to the entire record—is deficient.  *See La'Toya R.,* 2025 WL 1413807, at *5 ("Section 416.919p is more specific than Section 419.920(b) and this distinction supports the holding that Section 416.919p applies in this case and Section 416.920b(b)(2)(i) does not.").  Therefore, the authorities cited by the Commissioner are unpersuasive, and § 416.919p continues to control this issue.

In the present case, the ALJ did not adequately consider Dr. Sprinkle's opinion and improperly disregarded it based on purported vagueness without seeking clarification.  The records show that, following a psychological exam on October 11, 2022, Dr. Sprinkle concluded as follows:

> [T]he claimant can follow very simple directions and process basic information. [He has weak memory, mental calculation abilities, conceptual abilities, analytical skills, and general fund of information.]  His psychiatric symptoms impact his judgment and insight.  Although he can communicate his thoughts, due to his word-finding difficulties, he requires more time and effort to . . . do so.  Compared to his peers, he may require more supervision, assistance, and redirection when learning new tasks and concepts.  He would likely struggle to successfully perform in a position that requires him to read, write, count money, make change, use a computer, or engage in complex reasoning.  Also, given his psychosis, he may struggle to engage with the public and coworkers and feel unsafe outside of his home environment.  There is concern he would misinterpret the intentions of others and overreact to minor problems and concerns with fear and anxiety.  He may also struggle to accept performance feedback and supervision, as []he may perceive it as a personal attack against him.  Additionally, when his psychosis is more pronounced, it is believed his thoughts and behavior become[] more chaotic and would be disruptive within a traditional work environment.  Considering all the information presented, even if provided adequate supervision and support, there is concern that claimant would struggle to interact comfortably with others, listen and follow instructions, and maintain his attention to complete assigned work activities.

[Filing No. 10-7, at ECF p. 156-57.]  This is a detailed medical opinion that contains many limitations relevant to work.

The ALJ found this opinion unpersuasive.  Contrary to the Commissioner's claim, the ALJ did not merely "note[] that Dr. Sprinkle's language was unhelpfully vague."  [Filing No. 16, at ECF p. 4.]  Rather, the ALJ explicitly discounted the opinion because of purported vagueness when she wrote, "Dr. Sprinkle did not present her findings in specific vocational terms[,] which limits the value of her statement. . . .  [T]he vague nature of her statement and the lack of direct objective support limit the persuasive value of her statement."  [Filing No. 10-2, at ECF p. 18.]  However, if the ALJ found the report inadequate for its intended purpose—to help the ALJ determine disability—then she should have recontacted Dr. Sprinkle under § 416.919p.  *See Jennifer S.*, 2026 WL 879702, at *4.  Given the significant work-related limitations contained in Dr. Sprinkle's opinion, the ALJ's disregard of this opinion without seeking clarification was not harmless.

Moreover, as Plaintiff points out, the ALJ was not free to disregard the significant limitations in Dr. Sprinkle's opinion simply because Dr. Sprinkle did not use SSA-approved terminology.  [Filing No. 17, at ECF p. 7.]  SSA regulations do not require agency consultants to express opinions in SSA-defined terminology.  *John F. v. Kijakazi*, No. 1:21-cv-01104-MJD-JRS, 2022 WL 1564533, at *3 n.4 (S.D. Ind. May 17, 2022) (citing 20 C.F.R. § 404.1519n); *see also Jones v. Dudek*, 134 F.4th 991, 997 (7th Cir. 2025) (concluding that the medical opinions include all statements regarding what a claimant "can still do" and are not limited to statements regarding "specific workplace demands").  Phrasing opinions in SSA-defined terminology is not a 20 C.F.R. § 404.1520c factor for assessing the persuasiveness of medical opinions.  It is improper to discount an examiner's opinion on this basis.  *See Alecia N. v. Bisignano*, No. 1:25-cv-01813-

7

TAB-JPH, 2026 WL 2117141, at *2-3 (S.D. Ind. July 22, 2026) (remanding where an ALJ discounted an examiner's opinion "solely based on her word choice" and failure to use "SSA regulatory vocational term[s]"); *Jennifer S.,* 2026 WL 879702, at *4-5 (remanding where an ALJ discounted an examiner's opinion due to the use of purportedly "vocationally [ir]relevant" terms). Additionally, the ALJ's decision suggests that the opinions of the non-examining agency consultants may have posed similar issues of terminology. However, in contrast to the handling of Dr. Sprinkle's opinion, the ALJ did not fault the non-examining consultants. When assessing their opinions, the ALJ noted that she adopted their substantive findings "while presenting the findings in language which complies with regulatory guidance." The ALJ does not explain why she rejected Dr. Sprinkle's opinion instead of attempting to present it in SSA-approved language. The ALJ's inconsistent standard evidences her failure to construct a logical bridge when assessing Dr. Sprinkle's opinion.

The Commissioner argues that the ALJ reasonably concluded that Dr. Sprinkle's opinion was unsupported by her own clinical report and the record as a whole. [Filing No. 16, at ECF p. 4-9.] However, the ALJ's reasoning does not withstand scrutiny. The ALJ found that Dr. Sprinkle's observation that Plaintiff presented appropriately at the exam contradicted her opinion that he would struggle to interact comfortably with others. Plaintiff's opening brief cites multiple cases that "have determined that a claimant's normal behavior or appearance during a brief examination says little about a claimant's ability to interact with the public, coworkers, or supervisors in a work setting." [Filing No. 12, at ECF p. 11-12 (citing *Feliciano T. v. Bisignano,* No. 23 CV 2777, 2026 WL 194583, at *5 (N.D. Ill. Jan. 26, 2026); *Tina W. v. Comm'r of Soc. Sec.,* No. 3:23-cv-02690-NJR, 2024 WL 4297824, at *15 (S.D. Ill. Sept. 26, 2024); *Tracy D. v. O'Malley,* No. 4:23-cv-00037-SEB-KMB, 2024 WL 177417, at *6 (S.D. Ind. Jan. 17, 2024)).]

The Commissioner's response brief does not discuss or attempt to distinguish these cases. Plaintiff's argument is persuasive and unrebutted.

The ALJ also found inconsistencies between Dr. Sprinkle's opinion that Plaintiff would feel unsafe outside his home and struggle to maintain attention to complete tasks and evidence that Plaintiff could complete basic activities of daily living, navigate public transportation, and run errands outside the home.  [Filing No. 10-2, at ECF p. 18.]  Plaintiff argues that such basic activities bear little relevance to maintaining concentration.  Plaintiff cites *Moy v. Bisignano*, 142 F.4th 546 (7th Cir. 2025), and two additional Seventh Circuit decisions for the proposition that the ability to complete basic daily activities, which can be performed on a flexible schedule and with minimal standards, is not the same as the ability to sustain full-time work.  [Filing No. 12, at ECF p. 13-14.]  Also, in arguing that the ability to use public transportation does not contradict Dr. Sprinkle's opinion that Plaintiff would feel unsafe in public, Plaintiff quotes *Mary W. v. Bisignano*, No. 25 C 4427, 2026 WL 252560, at *2 n.1 (N.D. Ill. Jan. 30, 2026), which states, "'Our public transportation systems are generally designed so all types of individuals can effectively use them, from visitors to school children, to those with limitations[.]'"  [Filing No. 12, at ECF p. 14-15.]  Again, the Commissioner's response brief merely reiterates the ALJ's flawed reasoning without addressing the authorities cited by Plaintiff.  [Filing No. 16, at ECF p. 4-9.]  The ALJ failed to build a logical bridge between the evidence and her conclusion that Dr. Sprinkle's findings did not support her opinions.

The ALJ's remaining reason for discounting Dr. Sprinkle's opinion is also unsound.  The ALJ criticizes Dr. Sprinkle's conclusions because they "substantially relied on the claimant's subjective reports."  [Filing No. 10-2, at ECF p. 18.]  However, Plaintiff correctly states, "Dr. Sprinkle was permitted to rely on [Plaintiff's] subjective description of his psychological

symptoms and how those symptoms impacted his ability to interact with others, for psychological assessments largely consist of what a patient tells a clinician." [Filing No. 12, at ECF p. 12 (citing *Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015)).]

In sum, the ALJ erred by failing to recontact Dr. Sprinkle for clarification of her opinion and discounting Dr. Sprinkle's opinion based on faulty reasoning instead of substantial evidence. Accordingly, the Court remands this case for further proceedings.

### B. Remaining arguments

Having concluded that remand is required for errors in assessing Dr. Sprinkle's opinion, the Court declines to address Plaintiff's additional arguments for remand. Plaintiff disputes the ALJ's assessment of checkbox limitations contained in the agency consultants' reports, Plaintiff's subjective symptoms, and a third-party statement. Upon remand, the ALJ shall adequately consider this evidence and ensure that substantial evidence supports the RFC.

### IV.    Conclusion

The ALJ disregarded SSA regulations regarding mandatory follow up with consulting examiners and failed to construct a logical bridge when assessing the psychological examiner's opinion. Accordingly, Plaintiff's request for remand [Filing No. 12] is granted.

Date:  8/12/2026

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email